## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JEANNEAN COCHRAN, PAULA BARR, CHERRI BECKHART, MELINDA DIEMER, VIRGIE FIETSCH, SHARON MARYMAN, MELISSA SHINA, BRENDA STEPHENS, KELLI THOMAS , WENDY YATES, AND YOLANDA YANCEY, AND THE CLASS THEY SEEK TO REPRESENT, | CIVIL ACTION NO. 3:15-cv-751-GNS |
| PLAINTIFFS, | **CLASS ACTION VERIFIED COMPLAINT** |
| v. | |
| JEFFERSON COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION, DONNA M. HARGENS, , IN HER OFFICIAL CAPACITY, AS SUPERINTENDENT OF JEFFERSON COUNTY PUBLIC SCHOOLS AND/OR OF JEFFERSON COUNTY BOARD OF EDUCATION, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, INDIANA-KENTUCKY ORGANIZING COMMITTEE 962, AND JEFFERSON COUNTY ASSOCIATION OF EDUCATIONAL SUPPORT PERSONNEL, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 4011, | **Date: September 23, 2015** |
| DEFENDANTS. | |

## PRELIMINARY STATEMENT

1.    Plaintiffs and the class they seek to represent are Job Family 1A classified employees employed by Defendant Jefferson County Board of Education ("JCBE") and Donna M. Hargens ("Hargens") (collectively "Board" or "Board of Education"). Plaintiffs and the proposed class are each exclusively represented by Defendant Jefferson County Association of

Educational Support Personnel, American Federation of State, County, and Municipal

Employees Local 4011 ("Local 4011"), but are not members of that Union. These nonmembers

are being forced to pay union fees to as a condition of their employment pursuant to the current

collective bargaining agreement ("CBA") between the Board, American Federation of State,

County, and Municipal Employees Indiana-Kentucky Organizing Committee 962 ("Council

962"), and Local 4011.

     2.      Plaintiffs allege that the collection of compulsory fees from them violates their

rights under the First Amendment to the United States Constitution. Plaintiffs allege that the

CBA's requirement that they pay compulsory fees is itself unconstitutional. Plaintiffs and the

class they seek to represent also allege that Defendants Board, Local 4011, Council 962, and

American Federation of State, County, and Municipal Employees, AFL-CIO ("AFSCME") have

failed to provide them with proper notice and procedural safeguards pursuant to *Chicago

Teachers Union v. Hudson*, 475 U.S. 292 (1986), before collecting compulsory fees from them.

     3.      Thus, Plaintiffs seek: (a) a declaratory judgment that the CBA's compulsory fee

provision for nonmembers violates the First Amendment; (b) injunctive relief that prohibits all

future enforcement of the CBA's compulsory fee provision; and (c) damages from the Unions for

compulsory fees wrongfully seized from them. Plaintiffs and the class seek: (a) a declaratory

judgment that procedures set forth in the CBA and Council 962's fee notices are inadequate

under *Hudson*, and thus Defendants' collection of compulsory fees from them in the absence of

constitutionally adequate procedures violated the First Amendment rights of Plaintiffs and the

class; (b) injunctive relief that prohibits Defendants from seizing compulsory fees from them

until proper *Hudson* procedures are provided; and (c) damages and/or restitution from the Unions

for compulsory fees wrongfully seized from them in the absence of proper *Hudson* notice and

procedures.

## JURISDICTION AND VENUE

4.      This action arises under the First and Fourteenth Amendments to the United

States Constitution. This Court's jurisdiction is invoked under 28 U.S.C. § 1331, and also

under 28 U.S.C. § 1343 because Plaintiffs and the class they seek to represent seek relief under

42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and

immunities secured by the United States Constitution.

5.      This is a case of actual controversy in which Plaintiffs seek a declaration of their

rights under the United States Constitution. Under 28 U.S.C. §§ 2201 and 2202, this Court may

declare the rights of Plaintiffs and class members and grant further necessary or proper relief

based thereon.

6.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because

Defendants reside, have offices in, and/or conduct their business in this judicial district, and

because the events giving rise to the claims occurred in this district. Defendant Unions are

unincorporated associations or corporations with contacts sufficient to subject them to personal

jurisdiction in this judicial district.

## PARTIES

7.      Plaintiffs Jeannean Cochran, Paula Barr, Cherri Beckhart, Melinda Diemer,

Virgie Fietsch, Sharon Maryman, Melissa Shina, Brenda Stephens, Kelli Thomas, Wendy

Yates, and Yolanda Yancey, and the class they seek to represent (collectively "the

Nonmembers") are employed in the Jefferson County Public Schools in Jefferson County,

Kentucky, as employees in the Job Family 1A classification and salary schedule ("Job 1A") for

the 2014-15 and/or 2015-16 school years. Plaintiffs, who have been forced by Defendants to be represented exclusively for purposes of collective bargaining, by Local 4011 and its affiliates, Council 962 and AFSCME, are not members in the Unions, and object to financially supporting Local 4011 and its affiliates. But for the CBA's "agency shop" compulsory fee provisions, Plaintiffs Cochran, Barr, Beckhart, Diemer, Fietsch, Maryman, Shina, Stephens, Thomas, Yates, and Yancey would not have paid and/or continue to pay fees to or otherwise subsidize Local 4011, Council 962, and/or AFSCME.

8.      Defendant AFSCME is an unincorporated association and a labor organization. AFSCME is the international affiliate to Local 4011 and Council 962. AFSCME's headquarters are located at 1625 L Street, N.W., Washington, D.C. 20036. AFSCME has collected and used compulsory fees from Plaintiffs and class members.

9.      Defendant Council 962 is an unincorporated association and a labor organization, and is the regional affiliate to Local 4011 and AFSCME. Council 962 conducts business in Indiana and Kentucky, and maintains its principal place of business at 1424 North Pennsylvania Street, Indianapolis, Indiana 46202. Council 962 also maintains an office at 4315 Preston Highway, Suite 101, Louisville, Kentucky 40213. Council 962 is a party to the CBA with Defendant Board and Local 4011. Council 962 has also demanded, collected, and used compulsory fees from nonmember Plaintiffs and class members as a condition of public employment. Council 962 used to be AFSCME Council 62, and thus any references to ASFCME Council 62 are also references to Council 962.

10.     Defendant Local 4011 is an unincorporated association and a labor organization, and is the local affiliate to Council 962 and AFSCME. Local 4011 conducts business in Kentucky, and maintains an office at 4315 Preston Highway, Suite 101, Louisville, Kentucky

40213. Local 4011 is a party to the CBA with the Board and Council 962, which requires nonmember Plaintiffs and class members to pay union fees to Local 4011 and/or its affiliates as a condition of public employment. Local 4011 represents all Job 1A employees in Jefferson County Public Schools system, including Nonmembers.

11.    Defendant Jefferson County Board of Education is located at 3332 Newburg Road, Louisville, Kentucky 40218. Under state law, JCBE is a body politic and corporation existing under Kentucky Revised Statutes § 160.010 *et seq.* JCBE's duties include controlling and managing school funds, fixing compensation for its employees—including Plaintiffs and all Job 1A employees—and making rules and regulations as to the qualifications and duties of its employees. JCBE is also empowered by state law to make contracts and to sue and be sued. JCBE is a public employer that conducts business and operations within the Commonwealth of Kentucky and this judicial district. JCBE is a party to the CBA with Local 4011 and Council 962, Pursuant to the CBA, JCBE has deducted compulsory union fees from nonmember Plaintiffs and the class, which is a condition of their public employment.

12.    Defendant Donna M. Hargens is Superintendent of the Jefferson County Public Schools and is the executive officer of Defendant JCBE, pursuant to Kentucky Revised Statutes, §§ 160.350 and 160.370. As such, Ms. Hargens has the duty to ensure that all of JCBE's rules and regulations, as well as state laws relating to the schools, are enforced. She is also responsible for hiring and firing all employees in the school district. Ms. Hargens is a party to the CBA with JCBE, Council 962, and Local 4011, and has deducted union fees from Nonmembers. Ms. Hargens is sued in her official capacity.

5

## CLASS ACTION ALLEGATIONS

13.    Plaintiffs' action is a class action brought by Plaintiffs on their own behalf and on

behalf of others similarly situated, pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and

(b)(2).

14.    The class consists of all non-union employees in Job Family 1A job classification

and salary schedule who are, were, or will be required to pay compulsory fees to Council 962

and/or AFSCME for these Unions' 2014 and/or 2015 fee years, and every fee year thereafter,

pursuant to a compulsory unionism agreement between Local 4011, Council 962, and their

public employer, the Board of Education. The Nonmembers have been required to pay forced

fees to the Unions under the current CBA since 2012. *See* Between the Jefferson County Board

of Education and the Jefferson County Association of Educational Support Personnel American

Federation of State County and Municipal Employees on behalf of Local 4011, JCBE-

JCAESP/AFSCME Agreement, effective July 1, 2012 through June 30, 2017, Article 4, ¶ 2

("CBA"). Relevant portions of the CBA are attached hereto and incorporated by reference herein

as Exhibit A.

15.    On information and belief, the number of persons in the class exceeds 900 persons

for the 2014-15 and subsequent school years. Those persons are therefore so numerous that

joinder of the entire class is impractical.

16.    There are questions of law and fact common to all members of the class. These

questions include:

        (a)    whether Article 4, Paragraph 2 of the CBA between Local 4011, Council

962, and the Board of Education violates the First and Fourteenth Amendments of the

United States Constitution because the notice and procedural requirements it establishes

for the collection of compulsory fees from nonmembers: (i) restrict Nonmembers' right to file their challenges to the Unions' fee calculations before a court of competent jurisdiction; (ii) require, as one of the two options before proceeding to a court of competent jurisdiction, that Nonmembers file their fee challenges pursuant to internal union procedures; and (iii) require Nonmembers who file their fee challenges pursuant to internal union procedures to do so by certified or registered mail;

(b)    for Council 962 and AFSCME's 2014 fee year, whether the Board and the Unions seized compulsory fees from Nonmembers without first providing them with all of the required notice and procedural safeguards, including: (i) financial disclosure of Council 962's and AFSCME's total expenses, and the breakdown of their respective total expenses into chargeable and non-chargeable categories; (ii) copies of an independent auditor's verification of Council 962's and AFSCME's calculations of their respective chargeable forced fees; (iii) the identity of the independent, third-party holding the escrow account while nonmembers' fee challenges were pending, and when those fees would be escrowed; (iv) unburdened challenge procedures; and

(c)    for Council 962 and AFSCME's 2015 fee year, whether the Board and the Unions are seizing compulsory fees from Nonmembers without first providing them with all of the required notice and procedural safeguards, including: (i) financial disclosure of Council 962's and AFSCME's total expenses, and the breakdown of their respective total expenses into chargeable and non-chargeable categories; (ii) copies of independent audit verification of these Unions' calculations of their respective chargeable forced fees; (iii) the identity of the independent, third-party holding the escrow account while the nonmembers' fee challenges were pending; and (iv) established procedures for a

reasonably prompt decision by an impartial decisionmaker of nonmember employees' fee

challenges, including: (1) the selection process for the impartial decisionmaker, and the

Unions' involvement in such a process; (2) a procedural timeline for nonmembers'

challenges to be heard; and (3) no requirement that a nonmember's social security

number be disclosed for the fee challenge to be heard.

17.    Plaintiffs' claims are typical of members of the class, all of whom are subject to

the same deprivations of their rights by the Board, Council 962, and AFSCME's enforcement

and implementation of the CBA, which authorizes the collection of compulsory union fees

without the required pre-collection notice and procedural safeguards as set forth in *Hudson*.

Plaintiffs' claims are also typical of the class because they are all subject to the same deprivation

of their rights by the Board and Unions' collection of compulsory fees from them without the

pre-collection notice and procedural safeguards in Council 962's 2014 and 2015 fee notices, as

required by *Hudson*.

18.    Plaintiffs Cochran, Diemer, Shina, and Thomas (collectively "class

representatives") can adequately represent the interests of each class. The class representatives

have no interests related to the subject matter of this lawsuit that are antagonistic to other class

members who chose not to be members in or represented by Local 4011 or its affiliates, and are:

(a) subject to the same unlawful provisions in the CBA, which provides for the collection of fees

from all nonmembers without all of the constitutionally required pre-collection notice and

procedures; and (b) are forced to pay forced fees to Council 962 and AFSCME despite not

receiving the constitutionally-required pre-collection notice and procedural safeguards for these

Unions' 2014 and/or 2015 fee years. In addition, Plaintiffs' attorneys are provided by a national

charitable legal aid organization and are experienced in representing nonunion employees in

8

litigation, including class actions, involving issues identical or similar to those raised in this action and pertaining to the class.

19.     The CBA's provision, Article 4 Paragraph 2, which establishes fee collection procedures for nonmembers, applies equally to all nonmember Job 1A employees—including the class representatives and the proposed class. Additionally, Council 962 and AFSCME's duty to provide all of the constitutionally required notice and procedures to all Nonmembers before collecting fees from them applies equally to all who are in the respective class.

20.     Alternatively, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members in that the important and controlling questions of law and fact are common to all members of the class. For example, whether the notice and procedures set forth in the CBA for the collection of forced fees violate the First and Fourteenth Amendments of the United States Constitution; and whether Council 962 and AFSCME have complied with all of "the constitutional requirements for the . . . collection of agency fees," *Hudson*, 475 U.S. at 310, are common to all class members.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that individual class members are deprived of the same constitutional rights by the Board's, AFSCME's, and Council 962's actions, differing only in immaterial aspects of their factual situations. The limited amount of money at stake for each individual employee makes it burdensome for class members to maintain separate actions.

22.     The affiliation among the Unions presents an organizational structure that makes it expedient for the named Plaintiffs and proposed class members to proceed against Council 962 and AFSCME.

23.    The Board, AFSCME, and Council 962 have acted and threaten to continue to act to deprive Plaintiffs and each class member of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

## STATEMENT OF FACTS

**The CBA and Its Compulsory Unionism Requirement for Job 1A Classified Employees**

24.    Without express statutory authorization and acting under color of state law, the Board of Education entered into a CBA with Council 962 and Local 4011 that recognized Local 4011, and its affiliates, as the official bargaining representative, for purposes of collective bargaining, of all Job 1A classified employees, including Nonmembers. The CBA is effective July 1, 2012 through June 30, 2017. Ex. A at 34.

25.    The authority of the Board, Council 962 and Local 4011 to enter into a CBA that recognizes and imposes Local 4011 and its affiliates' official representation, and the CBA's provisions, upon all Job 1A employees in the absence of statutory authorization, is currently being challenged in state court proceedings. *Beckhart, et al. v. Jefferson Cty. Bd. of Educ., et al.*, Case No. 2015-SC-356. The case awaits a decision from the Kentucky Supreme Court as to whether it will review an appeal from the Kentucky Court of Appeals. The facts and issues raised in this Complaint do not concede that the Board's, Council 962's, and Local 4011's actions are lawful. They are raised merely to preserve the Nonmembers' constitutional rights while the state court case is proceeding.

26.    As the designated "official" bargaining representative, all Job 1A employees are represented exclusively by Local 4011 for purposes of bargaining with the school district.

27.     The CBA establishes terms and conditions of employment for all Job 1A employees, including Nonmembers. No state law defines the "terms and conditions of employment" over which a board of education and a labor union can collectively bargain for public education employees. Nevertheless, Council 962 and Local 4011 collectively bargained with the Board over wages, hours of employment, and other terms and conditions of employment, such as "working conditions," "safety," "leaves of absence," "evaluation" procedures, employee "discipline," "assignment/overstaff/reassignment" procedures, "transfers," "reorganization/ demotion," and the unions' involvement in selecting individuals to serve on the "School Calendar Committee," for all Job 1A employees, including Nonmembers. Ex. A at 11-13, 14-22, 23-24, 26-27, 30.

28.     The subjects of collective bargaining in the CBA concern matters of political and public concern over which employees and other citizens may have divergent views and opinions.

29.     Exclusive or official representation, where only one union or employee representative negotiates on behalf of all employees in a group, including nonmembers, is not necessary to maintain order and peace among employees in public workplaces because, among other things, public employers have other means to ensure workplace discipline.

30.     On information and belief, exclusive or official representation assists unions with recruiting members because, among other things: (a) employees are more likely to join and support a union that has authority over their terms of employment, as opposed to a union that does not; (b) exclusive or official representatives are entitled to information about all employees in the unit; and (c) exclusive and official representatives can negotiate contract terms that facilitate recruiting and retaining members, such as contract terms providing for union

orientations for all employees and automatic deduction of union dues and/or fees from
employees' paychecks.

31.    Although Defendants do not require Job 1A employees to be union members, they
do require in the CBA that nonmember employees pay a "fair share" or agency fee to Local 4011
and/or its affiliates as a condition of employment. This "compulsory unionism" or "agency shop"
clause, states:

> Employees who are included in the collective bargaining unit, but decline
> membership . . . shall be required to pay, in lieu of union dues, a fair share fee
> equal to the part of the union dues that the union is entitled to be paid under
> applicable federal and state law for representing the non-member employees in
> matters of collective bargaining, grievance and contract administration. The fair
> share fee will be deducted automatically from the wages of each non-member
> employee for every pay period for which the non-member is scheduled to work in
> equal amounts in (16) equal payments from, from October through May, beginning
> with the effective date of memorandum of agreement, for so long as the non-
> member employee is not a member of the union. Such monies shall be transmitted
> to the union.

Ex. A at 7.

32.    Pursuant to the CBA, Local 4011 "annually certify[ies] in writing the current and
proper amount of its membership dues and fair share fee, at least thirty (30) days prior to the
initial deduction." *Id.* To do so, Local 4011 must provide the Board with a "written notice thirty
(30) days prior to any fair share fee deduction, and annually thereafter, an affidavit which states
the amount of the fair share fee," accompanied by an independent audit verifying the calculation
of such fee. *Id.* The compulsory fee amount "shall not exceed the amount of the dues uniformly
required to be paid by members of the union." *Id.*

33.    Pursuant to the governing documents of AFSCME and Council 962, membership
in the local affiliates also constitutes membership in AFSCME and Council 962. Because these
Unions are affiliates of Local 4011, they can charge, and do charge, Nonmembers fees for their

respective activities at the international and regional levels. Local 4011 does not charge fees for its representation at the local level. Thus, the "fair share" or agency fee charged to Nonmembers includes fees for Council 962 and "affiliate fees" or "per capita" fees for AFSCME.

34.    Unions receive significant revenue from member dues and nonmember fees. For example, over 93% of AFSCME's 2013 revenue—more than $192 million—was from dues and fees. OFFICE OF LABOR-MGMT. STANDARDS ("OLMS"), DEP'T OF LABOR, LM-2 Report, Statement B "Receipts and Disbursements", https://olms.dol-esa.gov/query/getOrgQry.do (for "Union Name by Abbreviation," select "AFSCME-STATE COUNTY & MUNI EMPLS AFL-CIO" from the list, then for "Union Type," select "International," and select "Submit," and on the linked page, under the "Fiscal Year" field, select "2013 Report"). In 2014, over 85% of AFSCME's revenue of $208 million was from dues and fees. *Id.* (in the field, "Enter File Number (if known)," enter number "000-289," and select "Submit." On the linked page, under the "Fiscal Year" field, select "2014 Report"). Similarly, from July 1, 2012 to June 30, 2013, Council 962's revenue was about $4.3 million, over $3.8 million of which was from dues and fees. OLMS, DEP'T OF LABOR, LM-2 Report, AFSCME Leadership Council 62, Statement B "Receipts and Disbursements", http://kcerds.dol-esa.gov/query/orgReport.do (for "Union Name by Abbreviation," select "AFSCME-STATE COUNTY & MUNI EMPLS AFL-CIO" from the list, for "Union Type," select "Intermediate" from the list, for "Designation Number," enter "62" and select "Submit," and on the linked page, under "Affiliation/Organization Name," select "STATE COUNTY & MUNI EMPLS AFL-CIO LEADERSHIP COUNCIL 62." On the next linked page, under the "Fiscal Year" field, select "2013 Report").

35.    In coordination with their positions in the collective bargaining process, AFSCME, Council 962, and Local 4011 routinely engage in political advocacy and encourage

their membership to engage in political activism on a wide range of issues where other employees and citizens may have differing opinions. For example, Council 962 provided support to stop "the passage of [Kentucky's] annual charter school bill and repeal of prevailing wage legislation." Alex White, *Kentucky Capitol Recap: Right to Work, 2015 In Review And The Year Ahead Of Us*, AFSCME IKOC 962 NEWS, May 2015, at 1, 5, http://www.afscme962.org/docs/5-15%20AFSCME%20IKOC%20962%20for%20website.pdf. Council 962 also attempted to meet with a state political candidate to reinstate "ACE awards, tax reform, and . . . continued reform of our state's retirement system." *Id.* Further, Council 962 hosts an annual "Lobby Day" for employees to advocate for certain issues with their state legislators. Alex White, *Capitol Recap: 2014 In Review*, AFSCME IKOC 962 NEWS, May 2014, at 1, 2, http://www.afscme962.org/docs/5-14%20AFSCME%20IKOC%20962%20%20for%20WEBSITE.pdf. Finally, Council 962 encouraged its members to lobby before the Kentucky State Legislature to oppose a Right to Work bill, which, if passed, would benefit nonunion employees. *STATE LEGISLATIVE LOBBY DAYS: Check Out What Can Happen When We Get Active!*, *id.* at 1, 2, http://www.afscme962.org/docs/5-15%20AFSCME%20IKOC%20962%20for%20website.pdf.

36.    AFSCME and its affiliates are also major donors to the Democratic Party. Combining all federal election cycles from 1990 to 2016, AFSCME spent almost $94 million in political contributions, 55 % of which went to Democratic candidates, while only 1 % went to Republican candidates. *Total Contributions by AFSCME*, Center for Responsive Politics, https://www.opensecrets.org/orgs/totals.php?id=D000000061&cycle=2014 (last visited Sept. 10, 2015). In the 2014 election cycle, AFSCME contributed over $ 2 million to Democratic federal congressional candidates, and only $7,250 to Republicans. *Money to congressional candidates:*

*2014 Cycle by AFSCME*, Center for Responsive Politics,

https://www.opensecrets.org/orgs/toprecips.php?id=D000000061&cycle=2014 (last visited Sept.

10, 2015).

37.    Consistent with its role and positions in politics and public advocacy in past years,

in the fee notices Council 962 provided to Nonmembers for the Unions' 2014 and 2015 fee

years, AFSCME acknowledges that it uses its compulsory fees from nonmembers for "[p]ursuing

ratification or implementation of agreements affecting employees represented by AFSCME

before legislative or administrative bodies." AFSCME Council 962, 2014 Notice to All Non-

Member Fair Share Fee Payer Kentucky, 2 (2014) ("2014 Notice"); AFSCME Council 962 2015

Notice to All Non-Member Fair Share Fee Payer Kentucky, 2 (2015) ("2015 Notice"). A copy of

the 2014 and 2015 Notices are attached hereto and incorporated by reference herein as Exhibit B

and Exhibit C, respectively.

38.    Similarly, in the 2014 and 2015 Notices AFSCME states that examples of how it

uses nonmember compulsory fees include:

> communications with employers, elected officials, governmental agencies, and media with
> respect to AESCME position on collective bargaining related matters; lobbying and
> legislative activities with respect to matters concerning the negotiation, ratification or
> implementation of collective bargaining agreements; and providing legal, economic and
> technical expertise on behalf of employees in all work-related matters.

Ex. B at 2-3; Ex. C at 2-3.

39.    As demonstrated *supra*, AFSCME and Council 962 use nonmember fees on a

wide range of political and public policy issues that employees, including Nonmembers and

citizens, may hold different views on than those of the Unions.

15

40.     On information and belief, compulsory fees are not necessary to maintain order or labor peace in the workplace because, among other reasons, exclusive or official representation does not depend on the right to collect a fee from nonmembers.

**Union Fee Calculations and Procedures**

41.     When a union collects compulsory fees from an employee, it must annually provide the employee with a "*Hudson*" notice that, among other things, explains how the union calculated the fee. *See Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986). A union calculates a compulsory fee by first defining which types of activities it deems "chargeable" and "nonchargeable" to nonmember employees, and by then determining what percentages of the union's expenses in a prior fiscal year were chargeable and non-chargeable. The compulsory fee is set at the prior fiscal year's chargeable percentage.

42.     The union's calculation in paragraph 41 must be based on an independent audit of the union's expenditures. However, the auditors do not confirm whether the union has properly classified its expenditures as "chargeable" or "nonchargeable."

43.     If a nonmember disagrees with the union's classification of expenses as chargeable, he can challenge the classification either in the legal proceedings provided in the union's "*Hudson*" notice or in a court of law.

44.     In an attempt to give the appearance of complying with *Hudson*, Defendants Board, Local 4011 and Council 962 laid out certain requirements in the CBA of notice and procedures that Local 4011 and/or its affiliates must provide to nonmember Job 1A employees regarding their compulsory fees in order to collect such fees. Ex. A at 6-7.

45.     The CBA provides Nonmembers with options to challenge the Unions' compulsory fees, the last that states Nonmembers can file a fee challenge in "a complaint against

16

the union in a court of competent jurisdiction." *Id.* at 7. But the CBA conditions the Nonmembers' access to court by first requiring them either to file their fee challenge with the Louisville Labor Management Committee or use the Unions' internal challenge proceedings. *Id.*

46.    If a nonmember chooses to file his challenge pursuant to internal union proceedings, the CBA additionally burdens the nonmember by requiring him to file his challenge by certified or registered mail. *Id.* at 6-7.

47.    In addition to the CBA, AFSCME and Council 962 have established policies and procedures regarding the collection of their respective portions of compulsory fees from nonmembers.

48.    Pursuant to the Unions' internal policies and procedures and the CBA, at various dates in late December 2013 and early January 2014, Council 962 mailed the Nonmembers its 2014 Notice concerning their forced fee obligations for the Unions' 2014 fee year, which encompassed the 2013-14 and 2014-15 school years.

49.    In the 2014 Notice, Council 962 determined the compulsory fee amount to be $12.10 biweekly. The 2014 Notice also stated the percentage of AFSCME's and Council 962's total expenses they considered chargeable to nonmembers, and the fee amounts based on the "weighted average of these two figures." However, the 2014 Notice failed to include:

(a)    any financial disclosure of AFSCME's and/or Council 962's expenses and the breakdown of their respective total expenses into chargeable and nonchargeable categories;

(b)    any financial disclosure, verified by an independent auditor, of AFSCME's and Council 962's total expenses, or verification of the Unions' expense breakdown into chargeable and nonchargeable categories; and

          (c)     the identity of the independent, third-party holding the escrow account while nonmembers' fee challenges were pending, and when the fees would be placed in escrow.

The 2014 Notice also required nonmembers to include their social security numbers when filing a fee challenge.

        50.     On or about March 28, 2014, the Comptroller for Council 962, Roger Poer, sent a letter to Nonmembers that explained their fee amount was $13.11, not $12.10. Although the letter stated that a "corrected Fair Share notice" was included, no such notice was enclosed. A copy of the letter is attached hereto and incorporated by reference herein as Exhibit D.

        51.     Also pursuant to the CBA and the Unions' internal policies and procedures, on or about December 16, 2014, Council 962 mailed the Nonmembers its 2015 Notice concerning their forced fee obligations for the Unions' 2015 fee year, which encompasses the 2014-15 and 2015-16 school years.

        52.     In the 2015 Notice, Council 962 determined the compulsory fee to be $14.92 biweekly. That Notice also stated the percentage of AFSCME's and Council 962's total expenses considered chargeable to nonmembers, and the fee amount based on the "weighted average of these two figures." The 2015 Notice failed to include:

          (a)     any financial disclosure of AFSCME's and/or Council 962's expenses and the breakdown of the Unions' total expenses into chargeable or nonchargeable categories;

          (b)     any financial disclosure, verified by an independent auditor, of AFSCME's and Council 962's total expenses or verification of the Unions' expense breakdown into chargeable and nonchargeable categories;

(c)    the selection process for choosing an impartial decisionmaker to preside over the nonmembers' fee challenges, and the Unions' involvement in such process; and a timeline to initiate the hearings or other legal proceedings involving the nonmembers' fee challenges; and

(d)    the identity of the independent, third-party holding the escrow account while the nonmembers' fee challenges were pending, and when the fees would be deposited into the escrow account.

The 2015 Notice also required nonmembers to include their social security numbers when filing a fee challenge.

53.    On information and belief, after Council 962 sends out its notice in December each year, the Board deducts the new fee amount stated in the new notice from the wages of each nonmember employee from late December of that same year to May of the next year, and then from October, which includes pay for September, to mid-December of the next year.

54.    Despite the CBA's and the Unions' failure to provide all of the constitutionally required pre-collection notice and procedural safeguards to the Nonmembers in the 2014 and 2015 Notices, the Board automatically deducted compulsory fees from Nonmembers' wages $13.11 from late December 2013 to May 2014, and from on or about October 10, 2014, which included pay for September, to December 19, 2014, and $14.92 from January 2, 2015, which included pay for late December 2014, to on or about May 22, 2015. On information and belief, the Board will begin again to automatically deduct union fees of $14.92 from Nonmembers' wages on or about October 9, 2015. The Board will continue these deductions unless enjoined by this Court.

19

55.     The Board transferred the compulsory fees it deducted from Nonmembers' wages for the time frames set forth in paragraph 54, *supra*, to Local 4011, Council 962, and/or AFSCME. The Board will continue to transfer such fees to the Unions beginning again on or about October 9, 2015, unless enjoined by this Court.

56.     Local 4011, Council 962, and AFSCME act under color of state law by causing, participating in, and accepting the compulsory deduction of fees from nonmember Plaintiffs and proposed the class. Council 962 and AFSCME have used fees seized from Nonmembers by the Board for these Unions' use, benefit and enjoyment, and will continue to use such seized fees absent proper "*Hudson*" procedures, unless enjoined by this Court.

**Plaintiffs Oppose to Being Forced to Pay Compulsory Fees to the Unions**

57.     Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Plaintiffs object to many of the public policy positions that AFSCME and Council 962 advocate.

59.     Plaintiffs also object to Local 4011's, Council 962's and AFSCME's representation of them, believing that the Unions' actions do not reflect their best interests or the interests of other Job 1A classified employees.

60.     On information and belief, in coordination with their express political advocacy, the Unions routinely take positions in the collective-bargaining process that greatly affect the Board's budget.

61.     On information and belief, when the Unions expend monies collected pursuant to the CBA from nonmember Plaintiffs, to lobby or bargain against reductions to their own benefits packages or to shift more significant reductions to other district programs or services, there is no

principled distinction between the Unions and other various special interest groups who must

expend money on political activities to protect their own favored programs and services.

62.    But for the CBA requiring compulsory fees, Plaintiffs Cochran, Barr, Beckhart,

Diemer, Fietsch, Maryman, Shina, Stephens, Thomas, Yates, and Yancey would not have paid or

pay any fees or otherwise subsidize AFSCME, Council 962 and/or Local 4011.

63.    Plaintiffs have "the right not to be forced to contribute to the union, with which

they broadly disagree." *Harris v. Quinn*, 134 S. Ct. 2618, 2632, 2640 (2014).

## CLAIMS FOR RELIEF

64.    The Nonmembers repeat and reallege paragraphs 1 through 63 of this Complaint

as if fully set forth herein.

65.    The Nonmembers' decision not to join or be members of, resign from union

membership, and/or pay dues to AFSCME and Council 962, is an exercise of their rights to

freedom of speech and association guaranteed against state action by the First and Fourteenth

Amendments to the United States Constitution.

66.    The CBA's compulsory fee provision infringes on nonmember Plaintiffs' First

Amendment rights and those of other employees because compulsory fee requirements compel

employees to support speech and petitioning against their will, and to associate with a union

against their will.

67.    "[C]ompulsory subsidies for private speech are subject to exacting First

Amendment scrutiny and cannot be sustained unless two criteria are met. First, there must be a

comprehensive regulatory scheme involving a 'mandated association' among those who are

required to pay the subsidy." *Knox v. SEIU*, 132 S. Ct. 2277, 2289 (2012) (citation omitted).

"Such situations are exceedingly rare because . . . mandatory associations are permissible only

when they serve a compelling state interest . . . that cannot be achieved through means significantly less restrictive of associational freedoms." *Id.* (citation omitted). "Second, even in the rare case where a mandatory association can be justified, compulsory fees can be levied only insofar as they are a 'necessary incident' of the 'larger regulatory purpose which justified the required association.'" *Id.* (citation omitted).

68.    In *Abood v. Detroit v. Board of Education*, 431 U.S. 209 (1977), the Supreme Court held the seizure of compulsory fees in the public sector to be constitutional because the fees were justified by state interests in labor peace and avoiding free riders. However, the *Abood* court failed to subject these ostensible justifications to aforementioned requisite constitutional scrutiny.

69.    In *Harris*, 134 S. Ct. at 2632, a majority of the Supreme Court questioned *Abood's* continued validity on several grounds.

70.    In *Friedrichs v. California Teachers Ass'n*, 2014 WL 10076847 (9th Cir. Nov. 18, 2014), *cert. granted*, 83 U.S.L.W. 3653 (U.S. June 30, 2015) (No. 14-915), the Supreme Court granted review to consider the question: "Whether [*Abood*], should be overruled and public-sector agency shop" arrangements invalidated under the First Amendment." Pet. for Cert., * i.

71.    Plaintiffs submit that *Abood* was wrongly decided, should be overturned by the Supreme Court, and that the seizure of compulsory fees is unconstitutional under the First Amendment. Among other things, no compelling or otherwise sufficient state interest justifies compulsory fees.

72.    In the alternative, the First and Fourteenth Amendments to the United States Constitution require that the procedures for the collection of compulsory union monies be carefully tailored to limit the infringement on the fundamental rights of nonunion employees to

serve whatever plausible compelling state interest may exist to justify such union monies in the manner least restrictive of the nonunion employees' freedoms of speech and association, and to facilitate the nonunion employees' ability to protect their rights.

73.    The notice and procedural safeguards required by the First and Fourteenth Amendments when an employee is a nonmember of the union include:

(a)    notice to nonmember employees, before union fees are collected, that adequately explains the basis for the amount of the "agency fee," including an allocation of major categories of expenses between lawfully chargeable and nonchargeable activities, verified by an independent auditor;

(b)    an adequate advance rebate or reduction of the fee;

(c)    a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker; and

(d)    an escrow for the amounts reasonably in dispute while such challenges are pending. *Hudson*, 475 U.S. at 305-07, 310.

74.    To protect their constitutional rights of free speech and association, Plaintiffs and the class they seek to represent must be provided with all of the pre-collection notice and procedural safeguards that will ensure none of their wages is either collected or spent for improper purposes, as enunciated by the Supreme Court in *Hudson*.

## COUNT I
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

75.    The Nonmembers repeat and reallege paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.    By requiring Plaintiffs to make any financial contributions in support of any union, the CBA's compulsory fee provision, Article 4, Paragraph 2, violates Plaintiffs' rights to

free speech and association under the First and Fourteenth Amendments to the United States Constitution.

77.    Plaintiffs have no adequate remedy at law.

## COUNT II
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

78.    The Nonmembers repeat and reallege paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79.    Article 4 of the CBA between the Board, Council 962, and Local 4011, which establishes certain fee collection procedures that Local 4011 and/or its affiliates must provide to nonmember Job 1A employees to collect fees from them, including Plaintiffs and the proposed class, violates the First and Fourteenth Amendments of the United States Constitution in that it:

(a)    purports to restrict the Nonmembers' option to pursue their fee challenges in a "court of competent jurisdiction";

(b)    purports to require the Nonmembers to pursue internal union procedures as before proceeding to a court of competent jurisdiction; and

(c)    unduly restricts the Nonmembers' ability to object and challenge the Unions' fee calculation by including a requirement that Nonmembers file their fee challenges pursuant to internal union procedures by certified or registered mail.

80.    To the extent that Article 4 in the CBA subjects Defendants to a lower standard of notice and procedures for the collection of fees from nonmembers than is constitutionally required under the First Amendment to the United State Constitution, as set forth in *Hudson* and its progeny, Article 4 violates the First and Fourteenth Amendments to the United States Constitution, and is void as against public policy, invalid, and unenforceable.

81.    Local 4011, Council 962, and the Board have imposed and enforced the unlawful provisions for the collection of union fees from nonmembers in Article 4 in the CBA against Plaintiffs and the class they seek to represent.

82.    Thus, as a direct result of the unlawful provisions in Article 4 in the CBA, the Nonmembers:

(a)    are prevented from exercising their rights and privileges as citizens of the United States not to pay union monies in the absence of adequate pre-collection notice and procedural safeguards required by the Constitution;

(b)    are deprived of their civil rights guaranteed to them under the statutes of the United States;

(c)    have suffered monetary and other damages; and

(d)    have suffered irreparable harm, an injury for which there is no adequate remedy at law, due to the violations of their First Amendment rights.

83.    Unless preliminarily enjoined by this Court, Defendants and their agents will continue the aforesaid deprivation and abridgement of the First Amendment rights of Plaintiffs and members of the proposed class, thereby causing further irreparable harm, damage and injury for which there is no adequate remedy at law.

**COUNT III**
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

84.    The Nonmembers repeat and reallege paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85.    Defendants have violated and continue to violate the First and Fourteenth Amendment rights of Plaintiffs and the class they seek to represent by collecting compulsory

fees from them without first providing proper pre-collection notice and procedural safeguards in that the 2014 Notice, insofar as they have:

    (a)    failed to include financial disclosure for Council 962's and AFSCME's total expenses, and for the breakdown of the Unions' respective total expenses into chargeable and nonchargeable categories;

    (b)    failed to include independent audit verification for Council 962's and AFSCME's total expenses and those expenses' allocations into chargeable and nonchargeable categories;

    (c)    failed to identify the independent, third-party who would hold the escrow account while nonmembers' fee challenges were pending, and when nonmembers' fees would be escrowed; and

    (d)    required nonmembers to disclose their social security number to file a challenge to these Unions' fee calculations.

86.    The Board of Education has collected union fees for AFSCME and Council 962 from the Nonmembers from October to mid-December 2014 in the absence of the constitutionally required *Hudson* notice and procedures listed in Paragraph 73, *supra*, and has transmitted such monies to Local 4011 and/or its affiliates, which received the monies. The Board, AFSCME, and Council 962's seizure of union dues and/or fees from the wages of Nonmembers violates the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 because they failed to provide Nonmembers with the required *Hudson* safeguards.

87.    Thus, as a direct result of Defendants' unlawful actions described herein, Plaintiffs and members of the proposed class:

(a)      are prevented from exercising their rights and privileges as citizens of the United States not to pay union monies in the absence of receiving all of the pre-collection notice and procedural safeguards required by the Constitution;

(b)      are deprived of their civil rights guaranteed to them under the statutes of the United States;

(c)      have suffered monetary and other damages; and

(d)      have suffered the irreparable harm, damage, and injury for which there is no adequate remedy at law that is inherent in the violation of First Amendment rights.

## COUNT IV
(Violations of 42 U.S.C. § 1983 and
the United States Constitution)

88.      The Nonmembers repeat and reallege paragraphs 1 through 87 of this Complaint as if fully set forth herein.

89.      Defendants have violated and are violating the First and Fourteenth Amendment rights under the United States Constitution of Plaintiffs and the class they seek to represent by collecting compulsory fees from them without first providing the proper pre-collection notice and procedural safeguards in that the 2015 Notice:

(a)      failed to include financial disclosure for Council 962's and AFSCME's total expenses, and for the breakdown of the Unions' respective total expenses into chargeable and nonchargeable categories;

(b)      failed to include independent audit verification for Council 962's and AFSCME's total expenses and those expenses' allocation into chargeable and nonchargeable categories;

(c)     failed to identify the independent, third-party holding the escrow account while nonmembers' fee challenges were pending, and when nonmembers' fees would be escrowed;

(d)     required nonmembers to disclose their social security number when filing a challenge to these Unions' fee calculations; and

(e)     failed to establish procedures for a reasonably prompt decision by an impartial decisionmaker of a nonmember's challenge to the Unions' fee calculations in that there was no:

(1)     indication of the selection process for an arbitrator or administrative law judge and the Unions' involvement in such process; and

(2)     procedural timeline for nonmembers' challenges to be heard.

90.     The Board of Education has collected fees for AFSCME and Council 962 from the Nonmembers in the absence of the constitutionally required *Hudson* procedures, and has transmitted such monies to Local 4011 and/or its affiliates, which received the monies. The Board, AFSCME, and Council 962's seizure of fees from the Nonmembers' wages violates the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 because these Defendants failed to provide the Nonmembers with the constitutionally required *Hudson* safeguards.

91.     Thus, as a direct result of Defendants' unlawful actions described herein, Plaintiffs and members of the proposed class:

(a)     are prevented from exercising their rights and privileges as citizens of the United States not to pay union monies in the absence of receiving all of the pre-collection notice and procedural safeguards required by the Constitution;

(b)     are deprived of their civil rights guaranteed to them under the statutes of the United States;

(c)     have suffered monetary and other damages; and

(d)     have suffered the irreparable harm, damage, and injury for which there is no adequate remedy at law that is inherent in the violation of First Amendment rights.

92.     Unless preliminarily enjoined by this Court, Defendants and their agents will continue the aforesaid deprivation and abridgement of the First Amendment rights of Plaintiffs and members of the proposed class, thereby causing further irreparable harm, damage, and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment for themselves and the class they seek to represent as follows:

A.     Enter an order, as soon as practical, certifying this case as a class action and appointing Plaintiffs' counsel as class counsel.

B.     For issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that:

(1)     the CBA's compulsory unionism provision, Article 4, Paragraph 2, impermissibly violates Plaintiffs' First Amendment rights to free speech and association by requiring their payment of any fees to Local 4011 and/or its affiliates, or any union or employee representative, as a condition of public employment;

(2)     Article 4, Paragraph 2 in the CBA is null and void on its face and/or as applied to Nonmembers because the notice and procedure requirements set forth in the

CBA violate the rights of Plaintiffs and the proposed class under the First and Fourteenth Amendments to the United States Constitution, in that the CBA:

      a.     unlawfully restricts nonmember employees' right to challenge the Unions' fee calculations in a court of competent jurisdiction;

      b.     requires nonmember employees to challenge their fee through Council 962's internal union proceedings before pursuing the claim in a state or federal court; and

      c.     as to Council 962's internal union proceedings, requires nonmember employees to file their fee challenges by certified or registered mail.

(3)     Defendants' policies and procedures, including Council 962's 2014 and 2015 Notices, for the collection of compulsory fees from nonmembers, as applied by Defendants, violate the rights of Plaintiffs and the class they seek to represent under the First and Fourteenth Amendments to the United States Constitution, in that the Nonmembers have been required to pay forced fees to the Unions in the absence of the legally required pre-collection, notice and procedural safeguards of:

      a.     financial disclosure of AFSCME's and Council 962's total expenses, and the breakdown of the Unions' respective expenses into chargeable and non-chargeable categories;

      b.     independent auditor verification of AFSCME's and Council 962's fee calculations;

      c.     the identity of the independent, third-party holding the escrow account for nonmembers' fee challenges; and

       d.    unburdened challenge filing procedures that do not require disclosure of the challenger's social security number.

    (4)    In addition to the procedures set forth in subparagraph (3) above, which is incorporated by reference herein, Defendants' policies and procedures and Council 962's 2015 Notice for the collection of compulsory fees from nonmembers, as applied by Defendants, violate the rights of Plaintiffs and the class they seek to represent under the First and Fourteenth Amendments to the United States Constitution, in that the Nonmembers have been and are required to pay compulsory fees to the Unions for the 2015 fee year in the absence of the legally required pre-collection notice and procedural safeguards of a reasonably prompt decision by an impartial decisionmaker, which includes: (i) disclosure of the Unions' involvement in the selection process of the impartial decisionmaker; and (ii) a procedural timeline in which the nonmembers' fee challenges would be heard.

    C.    For injunctive relief, the Plaintiffs and the class they seek to represent ask this Court to grant:

    (1)    a permanent injunction against Defendants, and their agents, assistants, successors, employees, attorneys, affiliates, and all other persons acting in concert or cooperation with them or at their direction or under their control (collectively "agents"), prohibiting them from seeking to require non-union employees to pay any monies that support any union;

    (2)    a temporary restraining order and/or preliminarily and permanent injunction that prohibits the Board of Education, AFSCME, and Council 962, and/or their agents, from enforcing and implementing Article 4, Paragraph 2 of the CBA, which

establishes pre-collection notice and procedures less than those required by the First and Fourteenth Amendments to the United States Constitution, to the extent that the CBA requires nonmember Job 1A employees to pay a compulsory fee:

       a.     where the nonmember employees' right to challenge the Unions' fee calculations in a court of competent jurisdiction is unlawfully conditionally restricted;

       b.     where there is a requirement that one of two options for nonmember employees to file their challenges to the Unions' fee calculations is pursuant to internal union proceedings; and

       c.     where there is a requirement under internal union procedures that Nonmembers file their challenges to the Unions' fee calculations by certified or registered mail.

(3)     a permanent injunction that requires AFSCME and Council 962 and/or their agents to provide Plaintiffs and the class they seek to represent with proper pre-collection notice and procedures as set forth in paragraph B.(3), *supra*, for the Unions' 2014 fee year, with a renewed opportunity to challenge the forced fees, or in the alternative, a permanent injunction that requires the Unions and/or their agents to refund Plaintiffs and the proposed class members for all compulsory fees seized from their wages by Defendants Board, AFSCME, and Council 962 from October to mid-December 2014, or for the time frame subject to the 2014 Notice;

(4)     a temporary restraining order and/or preliminarily and permanent injunction that prohibits the Board of Education, AFSCME, and Council 962, and their agents from enforcing and implementing any compulsory provision to require nonmember Job 1A employees to pay compulsory fees pursuant to the 2015 Notice in the

absence of constitutionally required pre-collection notice and procedures as set forth in subparagraphs B.(3) and (4), *supra*;

      (5)    a permanent injunction that requires AFSCME and Council 962 and/or their agents to provide Plaintiffs and the class they seek to represent with proper pre-collection notice and procedures for the Unions' 2015 fee year and a renewed opportunity to challenge the forced fee, or in the alternative, an injunction that requires the Unions to refund Plaintiffs and proposed class members for all compulsory fees seized from their wages by Defendants from late December 2014 to May 2015, and any other fees seized pursuant to the 2015 Notice.

      D.    Award Plaintiffs and members of the proposed class compensatory damages in the amount of the portion of forced fees unlawfully exacted from them, with interest, and other such amounts as the principles of justice and compensation warrant.

      E.    For costs, including reasonably attorneys' fees, pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and

      F.    Such other and further relief as the Court may deem just and proper.

DATED: September 23, 2015

Respectfully submitted,

/S/ Richard L. Masters
Richard L. Masters, Esq.
KY BAR #: 44606
1012 South 4th Street
Louisville, KY 40203
Tel:    (502) 582-2900
Fax:    (502) 587-0931
E-mail:lawsaver@aol.com

Milton L. Chappell, Esq. *pro hac vice pending*
Sarah E. Hartsfield, Esq., *pro hac vice pending*
c/o National Right to Work Legal
     Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA 22151
Tel:    (703) 321-8510
Fax:    (703) 321-9319
E-mail:mlc@nrtw.org
        seh@nrtw.org

ATTORNEYS FOR PLAINTIFFS
AND THE CLASS THEY SEEK TO REPRESENT

## VERIFICATION OF COMPLAINT

Jeannean Cochran, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21st September 2015.

JEANNEAN COCHRAN

## VERIFICATION OF COMPLAINT

Paula Barr, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.


_Paula Barr_
PAULA BARR

## VERIFICATION OF COMPLAINT

Cherri Beckhart, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which included pay from September to December 2014 and from two paychecks in January 2015. I anticipate that the Unions have used such "fair share" fees for their respective "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities, and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected fees from me for the benefit of the Unions, even though I have not received all of the required notice and procedural safeguards regarding my rights under *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21ˢᵗ September 2015.

CHERRI BECKHART

## VERIFICATION OF COMPLAINT

Melinda Diemer, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

MELINDA DIEMER

## VERIFICATION OF COMPLAINT

Virgie Fietsch, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

VIRGIE FIETSCH

## VERIFICATION OF COMPLAINT

Sharon Maryman, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

SHARON MARYMAN

## VERIFICATION OF COMPLAINT

Melissa Shina, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

47

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

MELISSA SHINA

## VERIFICATION OF COMPLAINT

Brenda Stephens, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

BRENDA STEPHENS

## VERIFICATION OF COMPLAINT

Kelli Thomas, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

51

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/ September 2015.

_____
KELLI THOMAS

## VERIFICATION OF COMPLAINT

Wendy Yates, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from October, which includes pay from September, to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning on or about October 9, 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I

53

have not received all of the required notice and procedural safeguards regarding my rights under

*Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.


WENDY YATES

## VERIFICATION OF COMPLAINT

Yolanda Yancey, pursuant to Section 1746 of the Judicial Code, 28 U.S.C. § 1746, declares as follows:

I am a named Plaintiff in this action and am employed by the Jefferson County Public Schools as a Job 1A classified employee.

I have read the foregoing Class Action Complaint, and state that the statements and allegations contained therein are true and correct of my own personal knowledge and information, except for the matters regarding other Plaintiffs and members of the proposed class, which I believe to be true.

I am competent to testify to the contents therein, which I declare to be true of my own personal knowledge.

As stated more fully in the Complaint, Defendants Jefferson County Board of Education ("Board") and Donna M. Hargens ("Hargens") have seized from my wages "fair share" fees for the benefit of the American Federation of State, County and Municipal Employees ("AFSCME"), AFL-CIO and AFSCME Council 962 ("Council 962") from September to December 2014 and January to May 2015. I anticipate that they will continue to take such "fair share" fees beginning in mid-September 2015 and for every paycheck thereafter, unless stopped by this Court. These fees have been and will continue to be used for AFSCME's and Council 962's "chargeable" collective bargaining activities, which are inherently political in nature, and despite my objection to these Unions' positions, activities, and representation of me. Further, Defendants Board, Hargens, AFSCME, and Council 962 have collected "fair share" fees from me for the benefit of AFSCME and Council 962, even though I have not received all of the

required notice and procedural safeguards regarding my rights under *Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 September 2015.

YOLANDA YANCEY