UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:15-CV-751-GNS-CHL

JEANNEAN COCHRAN, et al.,                                                      Plaintiffs,

v.

 JEFFERSON COUNTY PUBLIC SCHOOLS
BOARD OF EDUCATION, et al.,

                                                                               Defendants.

## MEMORANDUM OPINION AND ORDER

### Background

Before the Court is a Motion to Amend Complaint (DN 35) filed by plaintiffs.  In the Motion to Amend Complaint, plaintiffs describe the various ways in which they seek to amend the complaint and the reasons for those amendments.  Defendants oppose the Motion to Amend Complaint only to the extent that it seeks to add Count III – AFSCME's and Council 962's Chargeable Expenses Violate 42 U.S.C. § 1983 and the United States Constitution.  (DN 37.) More specifically, Count III of the proposed amended complaint alleges that defendants' "seizure of compulsory fees for unconstitutional purposes violate the rights of Plaintiffs and members of the proposed class under the First and Fourteenth Amendments to the United States Constitution in that Plaintiffs and class members have been required to pay compulsory fees for AFSCME's and Council 962's constitutionally nonchargeable purposes."  (DN 35-2, p. 29.)

Defendants argue that Count III is unsupported by any factual allegations in the proposed amended complaint and thus fails to state a claim under the standard enumerated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  As a

1

result, defendants argue that the Motion to Amend Complaint should be denied on futility grounds insofar as it seeks to add Count III.

In their reply, plaintiffs counter with several arguments.  First, plaintiffs aver that the Court must consider the principles surrounding, and the elements needed to prove, Count III. Plaintiffs assert that "in cases involving the chargeability of a union's fee, nonmember plaintiffs need only generally allege their challenge."  (DN 39, p. 6.)  Plaintiffs assert that this is because the union retains the burden of proof as to whether charges are properly chargeable, and furthermore, the unions possess the facts and records used to determine the expenses chargeable to nonmembers; thus, basic considerations of fairness compel that the unions, not the individual members, bear the burden of proving the chargeability of their fees and that nonmembers need only raise a general objection.  Plaintiffs further assert that they are not required to plead the specific expenditures they challenge until after discovery is conducted.  Thus, although plaintiffs recognize the standard enumerated in *Iqbal*/*Twombly*, they appear to argue that this particular claim is an exception.  Second, plaintiffs argue that they have alleged sufficient facts regarding the context of their chargeability allegations to satisfy the *Iqbal*/*Twombly* standard.  For example, plaintiffs state that the unions "improperly list '[d]efending AFSCME against efforts by other unions or organizing committees to gain representation rights in units represented by AFSCME as chargeable . . . when in fact it is not.'"  (DN 39, p. 9 [quoting paragraph 48(a) of the proposed amended complaint].)  Plaintiffs also allege that the Revised Notice described in the proposed amended complaint leads nonmembers to believe that certain expenses are or may be lawfully chargeable, even if several of those expenses, as described, are not.  (*Id.*)

2

The Court notes that defendants have filed a Motion for Leave to File Sur-Reply Memorandum (DN 41). Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. *See Key v. Shelby County*, 551 F. App'x 262, 264 (6th Cir. 2014) (citing *Eng'g Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.*, 108 F. App'x 386, 387 (6th Cir. 2004)). Plaintiffs did raise a futility argument in their memorandum supporting the Motion to Amend Complaint, if only briefly. And defendants' response was solely focused on the futility argument. Plaintiffs rightfully responded to those arguments in their reply with more substantive arguments regarding futility. While the Court finds that defendants are not necessarily entitled to a sur-reply, it has read the sur-reply and has found it helpful and to the point – it addresses arguments that defendants did not previously have the occasion to respond. For these reasons, and because the Court quotes from part of the sur-reply below, the Court finds that the Motion for Leave to File Sur-Reply Memorandum should be granted.

## Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure Rule 15(a)(2) commands the Court to freely grant leave to amend when justice so requires. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Additionally, the Sixth Circuit has stated Rule 15(a)(2) sets forth a "liberal policy of permitting amendments to insure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). In evaluating the interests of justice, the Court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing

party, and futility of amendment."  *Coe*, 161 F.3d at 341(quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)) (internal quotation marks omitted).

The Court finds that the Motion to Amend Complaint should be granted.  First, the Court notes that – other than the addition of Count III – defendants do not oppose the Motion to Amend Complaint.   Second, with respect to Count III, the Court recognizes that, if a proposed amendment would not survive a motion to dismiss, it should not be permitted.  *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment.").   In so considering, the Court is aware of the principles set forth in *Iqbal*/*Twombly*.  "As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting, in part, *Twombly*, 550 U.S. at 555) (internal citation omitted).   And, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting, in part, *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).   But the Supreme Court also made it clear that it was not requiring a "heightened fact pleading of specifics," only that plaintiffs nudge "their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

4

The Court is not prepared, at this juncture, to find that plaintiffs have failed to nudge their claim across the line from conceivable to plausible.  Even defendants appear to at least recognize that the allegations supporting Count III are related to those in Count II.   Defendants state, "the facts alleged in these subparagraphs [of paragraph 48 of the proposed amended complaint] are that certain portions of the union's *Hudson* notice are misleading, overbroad, vague, or ambiguous; the implication is that the notice thus fails to satisfy *Hudson*'s requirement that the notice provide nonmembers with 'sufficient information to gauge the propriety of the union's fee.'  475 U.S. at 306.  That may or may not be so: when the time comes to address Count II we will explain why the notice is adequate." (DN 41-1, p. 5.)   Defendants further state that plaintiffs' "argument that these notice allegations provide sufficient factual support for their chargeability claim appears to rest on the suggestion that because the notice's description of certain categories of expenditures is (in Plaintiffs' view) inadequate, it must follow that the Union Defendants in fact charged Plaintiffs and other nonmembers for nonchargeable expenditures." (*Id*. at 6.)

The problem here is that, if the notice's description is found to be inadequate and/or that, as plaintiffs allege, the "Revised Notice 'misleads Nonmembers to believe that all of the expenses [within Section B] are or may be lawfully chargeable to nonmembers, even though several of the expenses, as described, cannot,'" then it is plausible that nonmembers were charged with nonchargeable expenses.  (*See* DN 39, p. 9 [quoting paragraph 48(b) of the proposed amended complaint].)  And defendants are the keepers of that information.  The Court believes, or is at least hopeful, that focused discovery will answer this question quickly and definitively.  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000)

("The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.").   Furthermore, the Court further believes that this is the more pragmatic course of action under the particular circumstances of this complex case that implicates important constitutional issues.   Thus, when considering principles enumerated in *Iqbal/Twombly*, in addition to the fact that this case is in the relatively early stages of litigation, the liberal policy of granting leave to amend compels it to grant the Motion to Amend Complaint.

### Conclusion

Accordingly,

IT IS ORDERED that the Motion to Amend Complaint (DN 35) is GRANTED.   The Clerk is ORDERED to detach and file the Amended Complaint (DN 35-2).

IT IS FURTHER ORDERED that the Motion for Leave to File Sur-Reply Memorandum (DN 41) is GRANTED.   The Clerk is ORDERED to detach and file the sur-reply (DN 41-1).

cc:  Counsel of record